IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                   No. 1:14-cr-10082-JDB-1

KENNY FOWLER,

    Defendant.

ORDER DIRECTING CLERK TO OPEN CASE AND FILE DOCUMENT

The Defendant, Kenny Fowler, has filed a document styled "Motion 2255 Credit for Time Served." (Docket Entry ("D.E.") 119.) The inmate complains that his release date from his federal sentence has been miscalculated, resulting in two additional months' incarceration.[1] The motion is in the nature of a petition pursuant to 28 U.S.C. § 2241. *See McCoy v. Stephens*, No. 2:12-cv-02975-STA-cgc, 2014 WL 4809946, at *2 (W.D. Tenn. Sept. 26, 2014) (§ 2241 is proper vehicle for challenging Bureau of Prisons' calculation of jail credits); *Pierce v. United States*, No. 3:12-

---

[1] Defendant seems to allege that he has been transferred to a state prison in Grand Prairie, Texas. However, the federal inmate locator lists his current place of incarceration as the Federal Correctional Institution at Forrest City Medium in Forrest City, Arkansas. The address he has on file with the Court also lists that federal prison as his residence, as does the return address on the envelope in which his motion was mailed. It is therefore unclear whether he is complaining about the calculation of his state sentence in addition to the calculation of his federal sentence. If he is taking issue with the application of credits to his state sentence, the proper vehicle is a petition under 28 U.S.C. § 2241 only if he has alleged "a substantial federal constitutional deprivation resulting from the calculation[.]" *Rayner v. Lee*, No. 3:18-cv-01103, 2020 WL 58610, at *6 (M.D. Tenn. Jan. 6, 2020). After Defendant's motion is filed as the case-initiating pleading in a new case, the Court will undertake a preliminary review of the document and will assess whether it states a cognizable claim. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . unless it appears from the application that the applicant or person detained is not entitled thereto."); *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002) (affirming dismissal of federal prisoner's § 2241 petition on preliminary review).

0121, 2012 WL 1900921, at *2 n.2 (M.D. Tenn. May 24, 2012) ("[A] prisoner's challenge to the execution of his sentence, including the determination of credit[s] . . . must be filed under 28 U.S.C. § 2241.") (citing *Sutton v. United States,* 172 F.3d 873 (6th Cir. 1998)).

The Clerk is therefore DIRECTED to open a new case in which the document at D.E. 119 in the present case is filed as a case-initiating § 2241 petition.

IT IS SO ORDERED this 26th day of October 2021.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE